UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZEWDE TEKLE  
8207 Nolte Avenue, #3  
Silver Spring, MD  20910  

For himself and all  
similarly situated employees  
of Defendant in the District  
of Columbia Metropolitan Area  

    Plaintiffs,  

v.                                                 Civil Action No. _____  

LANDMARK PARKING, INC.            (Jury Demanded)  
d/b/a LANDMARK PARKING OF  
VIRGINIA, INC.  
33 South Gay Street  
Baltimore, MD  21202  

Serve:  
Registered Agent  
CT Corporation System  
1015 15th Street, N.W. #1000  
Washington, D.C.  20005  

    Defendant.  

**COMPLAINT FOR FAILURE TO PAY OVERTIME
IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

Parties

COMES NOW the Plaintiff, Zewde Tekle, through his attorney, Nils G. Peterson, and for his Complaint against the Defendant, Landmark Parking, Inc. ("Landmark"), alleges as follows:

1. Plaintiff Zewde Tekle is a resident of the State of Maryland. Defendant employed Plaintiff in the District of Columbia, Maryland and Virginia. The class Plaintiff seeks to represent consists of all past and present employees of Defendant who performed parking attendant services in the District of Columbia Metropolitan Area, i.e., the District of Columbia,

Virginia and Maryland.

2.   Defendant Landmark is a Virginia corporation registered to do business in the District of Columbia, Virginia and Maryland and has done business in the District of Columbia Metropolitan Area during all times material hereto.

## Jurisdiction

3.   Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the "Act" or "FLSA").  A class action is authorized under the same section of the FLSA.

## Statement of Facts

4.   At all times hereinafter mentioned, Defendant was engaged in the provision of parking services in the District of Columbia Metropolitan Area comprised of the District of Columbia and parts of Virginia and Maryland.  The provision of such parking services directly affects interstate commerce and Defendant's employees are engaged in such interstate commerce.  During the course of their employment Plaintiff and similarly situated employees affected interstate commerce by their actions.

5.   From 2000 through April 2005, Defendant employed Plaintiff as a parking attendant.

6.   Plaintiff's position was non-exempt under the FLSA.

7.   Plaintiff and similarly situated employees worked hours over 40 per week.  Plaintiff and similarly situated employees were not paid proper overtime for the time spent over 40 hours since they were paid only straight time rather than the required time and

one half.

8. Plaintiff and all similarly situated employees worked weeks of over forty hours.

9. Defendant and executives employed by Defendant were aware that Plaintiff and similarly situated employees regularly performed such extra work.

10. Defendant condoned and benefitted from the performance of such extra work time.

11. Plaintiff and similarly situated employees were not properly compensated by Defendant for the hours over forty per week they worked during the period of their employment.

12. Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff and similarly situated employees to liquidated damages for knowing violations.

13. During said time period, Plaintiff and similarly situated employees were not paid proper overtime for all hours worked in excess of 40 hours each work week, in wilful violation of §7 of the Act, 29 U.S.C. §207.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff and similarly situated employees have suffered damages since they have not received proper overtime. Plaintiff further seeks liquidated damages on behalf of himself and

similarly situated employees equal to the wages due but not paid as a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays that this Honorable Court grant judgment against the Defendant on the basis of Defendant's wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq., and award Plaintiff and similarly situated class members (1) compensatory damages, (2) an equal amount in liquidated damages, (3) reasonable attorneys' fees and costs of suit and (4) such other and further relief as this Court deems equitable and just.

JURY DEMANDED

Plaintiff hereby demands a jury on all issues triable by a jury.

Zewde Tekle
By Counsel

*Nils Peterson*
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA  22201
703-527-9900

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZEWDE TEKLE                                  :
8207 Nolte Avenue, #3                        :
Silver Spring, MD  20910                     :
                                             :
For himself and all                          :
similarly situated employees                 :
of Defendant in the District                 :
of Columbia Metropolitan Area                :
                                             :
         Plaintiffs,                         :
                                             :
v.                                           :    Civil Action No. _____
                                             :
LANDMARK PARKING, INC.                       :    (Jury Demanded)
d/b/a LANDMARK PARKING OF                    :
VIRGINIA, INC.                               :
33 South Gay Street                          :
Baltimore, MD  21202                         :
                                             :
Serve:                                       :
Registered Agent                             :
CT Corporation System                        :
1015 15th Street, N.W. #1000                 :
Washington, D.C. 20005                       :
                                             :
         Defendant.                          :

CONSENT TO BECOME PARTY PLAINTIFF

   I hereby give my written consent to become a plaintiff in the case <u>Tekle v. Landmark Parking, Inc.</u>

                                   _____
                                   Zewde Tekle