IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| ZEWDE TEKLE, )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>LANDMARK PARKING, INC., )<br> )<br> )<br>   Defendant. ) | Civil Action No. 1:05CV01159 (RBW) |

ANSWER

Defendant, Landmark Parking of Virginia, Inc. ("Landmark")[1], by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

Parties

1. In answering paragraph 1 of Plaintiff's Complaint, Landmark admits that Plaintiff was formerly employed by Landmark and performed work for Landmark in the District of Columbia, Maryland and Virginia. Landmark is without sufficient information and/or knowledge to admit or deny, and thus denies, the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Landmark admits the allegations contained in Paragaph 2 of Plaintiff's Complaint.

Jurisdiction

3. In answering paragraph 3 of Plaintiff's Complaint, Landmark admits that Plaintiff claims that jurisdiction is proper in this Court and that Plaintiff claims that class actions are authorized under the Fair Labor Standards Act.

---

[1]   Plaintiff incorrectly identifies his employer in the Complaint as "Landmark Parking, Inc."

DC1 30148808.1

## Statement of Facts

4. In answering the paragraph 4 of Plaintiff's Complaint, Landmark admits the allegations contained in the first and second sentences therein. Landmark is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. In answering paragraph 5 of Plaintiff's Complaint, Landmark admits that Plaintiff was employed by Landmark since 2000, but denies the remaining allegations contained therein.

6. The allegations in paragraph 6 of Plaintiff's Complaint set forth a legal conclusion, and therefore, do not require a response.

7. In answering paragraph 7 of Plaintiff's Complaint, Landmark is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. In answering paragraph 8 of Plaintiff's Complaint, Landmark is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

9. In answering paragraph 9 of Plaintiff's Complaint, Landmark is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

10. In answering paragraph 10 of Plaintiff's Complaint, Landmark is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

11. In answering paragraph 11 of Plaintiff's Complaint, Landmark is without sufficient knowledge and/or information to admit or deny, and thus denies, the allegations contained therein.

DC1 30148808.1

12. Landmark denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Landmark denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. In answering the first sentence of paragraph 14 of Plaintiff's Complaint, Landmark denies the allegations contained therein. In answering the second sentence of paragraph 14 of Plaintiff's Complaint, Landmark admits Plaintiff is seeking liquidated damages, but denies that he or any unidentified "similarly situated employees" are entitled to such damages.

15. Landmark denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause appearing after paragraph 14 of Plaintiff's Complaint.

16. All other allegations set forth in Plaintiff's Complaint not heretofore admitted or denied are hereby specifically and fully denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred to the extent he seeks compensation for overtime earned more than two years prior to the filing of the Complaint.

3. Upon information and belief, Plaintiff's own conduct bars his all or a portion of his recovery.

4. Plaintiff's claims against Defendant for liquidated damages are barred because Landmark did not act willfully.

5. Plaintiff's claims are barred in whole or in part because Plaintiff is not an adequate and/or proper representative of the class of individuals that he purports to represent and

the individuals on whose behalf he purports to have brought this action are not similarly situated. Moreover, Plaintiff's claims are barred because the facts of this case are inappropriate for class certification, treatment and/or collective action.

6.   Landmark specifically reserves the right to amend this Answer by adding additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Landmark prays that:

1.   Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Landmark;

2.   Plaintiff take nothing by his Complaint;

3.   The Court deny Plaintiff his requested relief;

4

4. The Court award Landmark its costs and attorneys fees; and

5. The Court award Landmark such further relief as it deems just and proper.

>Respectfully submitted,
>
>LANDMARK PARKING
>OF VIRGINIA, INC.
>
>By:_____/s/_____
>   Karla Grossenbacher, No. 442544
>   Peter Chatilovicz, No. 210278
>
>Its Attorneys

SEYFARTH SHAW LLP
Suite 500
815 Connecticut Avenue, N.W.
Washington, D.C. 20006-4004
(202) 463-2400

Dated: July 12, 2005

5